In re: The PEOPLE of the State of Colorado, Plaintiff

v.

Randy Rico WRIGHT, Defendant.

No. 08SA71.

Supreme Court of Colorado,
En Banc.

Dec. 2, 2008.

John R. Newsome, District Attorney, Fourth Judicial District, Bill Edie, Deputy District Attorney, Colorado Springs, Colorado, Attorneys for Plaintiff.

Daniel O. Fenaughty, Shimon Kohn, Colorado Springs, Colorado, Attorneys for Defendant.

Douglas K. Wilson, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, Attorneys for Amicus Curiae Colorado State Public Defender and Colorado Criminal Defense Bar.

Justice COATS delivered the Opinion of the Court.

The People petitioned pursuant to C.A.R. 21 for relief from an order of the district court suppressing statements made by Wright, the defendant in a number of criminal prosecutions, for violation of Rule 4.2 of the Colorado Rules of Professional Conduct. The district court found it to be a violation of the ethical rule for an agent of the district attorney to contact, for any reason, a defendant being represented by the public defender, in any case or capacity, without the knowledge and permission of his attorney. We issued our rule to show cause why the

district court's suppression order should not be disapproved.

Because Colo. RPC 4.2 does not support the blanket prohibition imposed by the district court, our rule is made absolute. Because the district court also made no findings concerning the subject of the challenged communications with the defendant or the defendant's allegations of constitutional violations, the matter is remanded for further consideration of the defendant's suppression motions.

## I.

Randy Rico Wright is charged, as a habitual criminal, with various counts of felony theft and fraud by check, in criminal cases numbered 07CR3432 and 07CR3725, in El Paso County. He filed pre-trial motions authorized by Crim. P. 41 in each case, seeking to suppress statements allegedly taken in violation of his privilege against self-incrimination and his right to counsel, as guaranteed by the Fifth and Sixth Amendments to the United States Constitution and Article II, sections 16 and 18 of the Colorado Constitution. Following brief argument on both motions, the district court ordered suppression of the challenged statements, solely on the basis of what it considered to be the district attorney's violation of Colo. RPC 4.2.

The defendant alleged, among other things, that in each case an investigator from the district attorney's office interviewed him in jail, at a time when he was already represented by the public defender on other filed charges. The motions further alleged that on neither occasion was his attorney present or notified about the interviews, and that on each occasion the interviews resulted in statements providing the district attorney with a basis for filing additional charges against him. Upon the prosecutor's acknowledgment that these basic allegations were not in dispute, the district court found it unnecessary to take evidence or hear more.

The district court simply made clear its understanding that Colo. RPC 4.2 prohibits any contact between an agent of the district attorney's office and a defendant who is represented by the public defender, absent the consent of the defendant's attorney, without regard to the nature or subject matter of the contact. It considered the fact that the defendant was represented in a different case from the ones in which the statements were challenged to be irrelevant, holding the relationship itself to be sacrosanct. It expressly admonished the district attorney that his office had "no right to contact a client of the Public Defender's Office for any reason once they are represented." Finding the violation of Colo. RPC 4.2 to be a "suppression issue," over the objection of the prosecution, the district court ordered suppression of the challenged statements in both cases.

Because suppression was not ordered on grounds actually authorized by Crim. P. 41, the district attorney questioned whether an interlocutory appeal could be authorized by C.A.R. 4.1, and he therefore sought to invoke the original jurisdiction of this court, pursuant to C.A.R. 21. We issued our rule to show cause.

## II.

■ Rule 4.2 was adopted in January 1993, along with the replacement of the Code of Professional Conduct in this jurisdiction by the Rules of Professional Conduct. The initial Committee Comment indicated that the rule proposed by the committee was identical to that adopted in the ABA Model Rules, and that it was essentially the same as DR7–104(A) of the Code. Apart from an amendment to the Comment in 1999 (which is not pertinent here), the rule remained unchanged until it and the accompanying Comment were repealed and reenacted in April 2007, to become effective January 1, 2008.

■ At the time of the contacts and the district court's ruling at issue here, Colo. RPC 4.2 consisted of the single sentence: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do

so." [1] While there has been considerable debate about the nature and scope of the rule's applicability to government lawyers involved in the detection and investigation of crime, *see* CBA Comm. on Ethics, Formal Op. 96 (1994) ("Ex Parte Communications with Represented Persons during Criminal and Civil Regulatory/Investigations and Proceedings"), the rule clearly falls short of barring all communications between government lawyers and criminal defendants who have engaged counsel or for whom counsel has already been appointed, in some capacity or another.

On its face, the language of the rule only purports to constrain a lawyer who is representing a client, from communicating about the subject of that representation, with someone who is represented by another lawyer in the same matter. The rule prohibits even this limited category of communications only to the extent that the communicating lawyer has neither the consent of the other lawyer nor any legal authorization to make them. While the comments to the current rule make express that it is intended to apply to government lawyers involved in criminal investigations, *see* Colo. RPC 4.2, cmt. 5 (2008), which could hardly have been in doubt, the rule has never suggested any greater or more specific limitations on the communications of government lawyers with suspects, or with indigent suspects in particular, than apply to attorney communications in general.

 An elaborate and complex body of constitutional law has developed concerning the attachment of a person's right to be represented by counsel in criminal proceedings and his right to have counsel intercede on his behalf during custodial interrogation by law enforcement officials. *See, e.g., McNeil v. Wisconsin,* 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (drawing a sharp distinction between invocation of the so-called Fifth Amendment right to counsel and Sixth Amendment right to counsel, as well as the "bright-line" rules of each ban-

ning further communications); *see also, e.g., Rothgery v. Gillespie,* —— U.S. ——, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008) (refining the test for attachment of the 6th Amendment right to counsel). While communications that violate a constitutional right to the assistance of counsel cannot reasonably be considered "authorized by law" within the meaning of the rule, neither are all communications prohibited by the rule in the absence of express authorization. Similarly, however, it by no means follows that only communications violating federal or state constitutional rights are prohibited by the rule. *See* Colo. RPC 4.2, cmt. 5 (2008).

In the absence of any factual findings about the matters as to which the public defender had already been appointed to represent the defendant or the subject of his subsequent interviews with district attorney investigators, any meaningful assessment by this court of the district attorney's compliance with the rule is not possible. Similarly, a general pronouncement by this court concerning the circumstances, if any, that might justify the exclusion of particular statements from a criminal prosecution, as a sanction for violation of Colo. RPC 4.2, would be equally unproductive. The district court's misunderstanding about the breadth of the rule's applicability to the interrogation of defendants represented by the public defender in different prosecutions caused it not only to err in excluding the particular statements at issue in this case but also to truncate the proceedings in such a way as to limit more explicit guidance about the rule.

### III.

Our rule to show cause is therefore made absolute, and the matter is remanded to the district court for consideration of the defendant's motions to suppress and further proceedings not inconsistent with this opinion.

---

1. The rule and comment were amended effective January 1, 2008 to reflect changes to the ABA Model Rules of Professional Responsibility, enacted in 2000. The rule itself was amended only by changing the word "party" to "person," an interpretation already reflected in the existing comments; and by the addition of the phrase, "or a court order," at the end of the rule's single sentence.